THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LINCOLN JOHNS, Defendant-Appellant.

First District (4th Division)   No. 1—95—0492

Opinion filed October 30, 1997.

Michael Pelletier and Patricia Mysza, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Elizabeth A. Scholz, and Kent Delgado, Assistant State's Attorneys, of counsel), for the People.

SUPPLEMENTAL OPINION ON REMAND

JUSTICE McNAMARA delivered the opinion of the court:

Following a jury trial, defendant, Lincoln Johns, was convicted of first degree murder and aggravated battery with a firearm. The trial court sentenced him to consecutive terms of 50 years' and 10 years'

imprisonment, respectively, for the two offenses. On direct appeal, defendant sought a limited remand to determine whether he was receiving psychotropic medication at any critical stages of the criminal proceedings where his presentence investigative report indicated that he was prescribed both Thorazine and Haldol while incarcerated awaiting trial, but did not specify the precise dates when he was receiving the medication. This court remanded the case for the purpose of determining the circumstances surrounding defendant's alleged ingestion of psychotropic medication. This court further ordered that, if the factual inquiry on remand revealed that defendant ingested psychotropic medication at the time of his trial or sentencing, the trial court was to vacate defendant's convictions, because it would be impossible to conduct a meaningful fitness hearing retrospectively *nunc pro tunc* the time of defendant's original trial. *People v. Johns*, 285 Ill. App. 3d 849, 674 N.E.2d 882 (1996). In a supervisory order issued on June 4, 1997, the Illinois Supreme Court denied the State's petition for leave to appeal but remanded the case for additional consideration in light of *People v. Burgess*, 176 Ill. 2d 289, 680 N.E.2d 357 (1997), which was decided after this court issued its decision. *People v. Johns*, 173 Ill. 2d 535, 683 N.E.2d 892 (1997).

Our prior opinion sets forth in detail the facts adduced at defendant's trial and sentencing and disposes of any additional contentions made by defendant on direct appeal. On remand, we consider only how the supreme court's decision in *Burgess* impacts our disposition of defendant's contention concerning his alleged ingestion of psychotropic drugs. The parties have submitted additional briefs on the issue. Defendant argues that *Burgess* does not require that this court's decision be modified or reversed because this court has correctly determined that it would be impossible to conduct a meaningful retrospective fitness hearing. The State argues, however, that, in light of *Burgess*, this court's previous order should be modified to direct that the cause be remanded for consideration of all the circumstances surrounding defendant's alleged drug ingestion and provide that a retrospective fitness hearing be held and retrospective fitness finding be entered if warranted.

In *People v. Burgess*, the supreme court held that automatic reversal is not always appropriate where a defendant received psychotropic drugs during his trial but did not receive a fitness hearing, and "conclude[d] that retrospective hearings are sometimes proper." *Burgess*, 176 Ill. 2d at 304, 680 N.E.2d at 364. In *Burgess*, the defendant, who was sentenced to death, argued on appeal that his convictions must be reversed because he had been taking two types of psychotropic medication during his trial. During the pendency of the

appeal, the supreme court remanded the cause back to the trial court for the limited purpose of determining whether the defendant had, in fact, ingested those types of medications at or near the time of his trial. The trial court conducted a hearing, during which it was confirmed by a psychiatrist that the defendant had ingested two psychotropic agents while on trial. The psychiatrist further testified, however, that both drugs were taken at night and neither would have had any effect on the defendant's mental state during the day. Over the defense's objection, the State called the defendant's trial counsel as a witness at the hearing. He testified that he discussed all aspects of the trial with his client and that the defendant always seemed alert and coherent. The trial judge also entered written findings stating that he presided at trial and sentencing and that, on all occasions, the defendant appeared alert. The trial judge opined that the drugs received by the defendant had no effect on his mental functioning, moods, or demeanor in the courtroom.

The defendant argued to the supreme court that, based on the evidence confirming that he was taking psychotropic medication during his trial, he was entitled to a fitness hearing pursuant to section 104—21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104—21(a) (West 1994)). The defendant further argued that, since he did not receive a fitness hearing at the time of his trial, he was entitled to a new trial under recent supreme court cases that have rejected the possibility of retrospective fitness hearings. See *People v. Brandon*, 162 Ill. 2d 450, 643 N.E.2d 712 (1994); *People v. Gevas*, 166 Ill. 2d 461, 655 N.E.2d 894 (1995); *People v. Birdsall*, 172 Ill. 2d 464, 670 N.E.2d 672 (1996); *People v. Nitz*, 173 Ill. 2d 151, 670 N.E.2d 672 (1996).

The *Burgess* majority rejected the defendant's argument, stating:
"We agree with the State that a rule of automatic reversal is not always appropriate. As this case demonstrates, there will be some circumstances in which it can be said that the use of psychotropic medication did not affect the defendant's mental functioning in such a way that relief would be appropriate. We are aware that we have previously declined to make use of retrospective fitness hearings, noting the difficulty in determining, long after the conclusion of the underlying proceedings, the degree of mental functioning enjoyed then by the defendant. [Citations.] Nonetheless, we believe that, at least in the present case, there are sufficient reasons to depart from our previous practice of automatic reversal and to make a case-specific inquiry into the psychotropic drugs administered to this particular defendant." *Burgess*, 176 Ill. 2d at 303, 680 N.E.2d at 363.

The court went on to find that the testimony of the prescribing doctor, the trial judge's observations, and the defendant's own testimony at trial compelled the conclusion that he was suffering no impairment as a result of his ingestion of psychotropic drugs at the time of his trial and sentencing hearing. Accordingly, the defendant was not entitled to a new trial based merely upon his act of taking these medications.

Turning to the present case, we disagree with defendant that *Burgess* does not impact our original order. Instead, in light of *Burgess*, it becomes clear that we must modify our instructions to the trial court. As stated in our prior opinion, the record before us is very unclear as to the circumstances surrounding defendant's alleged ingestion of psychotropic drugs. The presentence investigative report stated that defendant claimed to have been taking Thorazine and Haldol while incarcerated awaiting trial. The report went on to state that defendant was no longer taking either drug, but it did not specify when he stopped. Also, although he did not request a fitness hearing, defense counsel referred to defendant's ingestion of "Thorazine and another drug" during his argument in mitigation at defendant's sentencing hearing. Defense counsel also stated that defendant was taking prescription drugs "[e]ven to this day." The record on appeal is devoid of any further information.

We therefore still order a remand so that the trial court can conduct an inquiry into the factual circumstances surrounding defendant's asserted psychotropic drug use. Under *Burgess*, however, automatic reversal is not required if the trial court's factual inquiry affirmatively determines that defendant was taking psychotropic medication at the time of his trial or sentencing. Instead, the trial court is to determine whether it would be possible and appropriate to make a retrospective fitness finding. As the court did in *Burgess*, the trial court may rely on testimony by prescribing physicians, defendant's testimony at trial, the trial court's recollection of defendant's demeanor, moods, and conduct at his trial and sentencing, and any other information deemed pertinent by the trial court. Defendant's convictions shall be vacated only if the trial court determines that defendant was not fit to stand trial or that it would be impossible to conduct a meaningful retrospective fitness hearing. If, however, the trial court determines that the evidence available clearly shows that defendant's mental functioning was not affected or impaired as a result of any ingestion of psychotropic medication, the court is directed to enter a retrospective fitness finding and defendant's convictions and sentences will stand. Finally, as stated in our prior opinion, if defendant's convictions are upheld, the trial

court is instructed to correct the judgment order to reflect that defendant was convicted of one count of first degree murder, rather than two, and one count of aggravated battery with a firearm.

Remanded with directions.

ZWICK and LEAVITT, JJ., concur.